# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 09 C 2167<br>) |
| FILCO, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' (Filco) motion to transfer and Plaintiffs' motion to enjoin. For the reasons stated below, we grant Filco's motion to transfer and deny Plaintiffs' motion to enjoin.

## BACKGROUND

In 2001, Filco decided to redevelop an idle piece of property in Niles, Illinois, which had formerly been operated as a laundry facility. After Filco voluntarily undertook an environmental evaluation of the property, perchloreoethylene, a chemical used in dry cleaning, was discovered in the soil on the property. Filco

1

contends that the costs associated with the soil contamination are covered under insurance policies issued by Plaintiffs (Policies). In 2004, Plaintiffs brought an action in Illinois state court seeking a declaration that they owed no duty to defend or indemnify Filco and that certain costs relating to the cleanup of the soil contamination were not covered under the Policies (2004 Illinois Case). Filco subsequently removed the 2004 Illinois Case to federal court. Filco had also initiated a case in federal court in the Southern District of Indiana (2004 S.D. Ind. Case) addressing the same issues in the 2004 Illinois Case. On May 31, 2005, we granted Filco's motion to transfer the 2004 Illinois Case to the Southern District of Indiana Court (S.D. Ind. Court). The 2004 Illinois Case was then consolidated by the S.D. Ind. Court with the 2004 S.D. Ind. Case (2004 Consolidated Case). The Revised Case Management Plan in the 2004 Consolidated Case reflects that Filco and Plaintiffs "agreed to dismiss the portions of their respective breach of contract and declaratory judgment claims relating to [Plaintiffs'] duty to indemnify without prejudice upon the resolution of the remaining open issues." (P's Exbt 11). The 2004 Consolidated case was ultimately settled and terminated, but did not deal with the duty to indemnify.

On March 9, 2009, Plaintiffs brought the instant\t action in Illinois State court to obtain a declaratory judgment stating that they do not have to indemnify Filco for the cleanup and other costs. Filco then removed the instant action to federal court on April 8, 2009. Filco also then filed a new action in S.D. Ind. Court on April 15, 2009, (2009 S.D. Ind. Case) addressing some of the issues in this case.

Plaintiffs include in their complaint claims seeking a declaratory judgment that: (1) Plaintiffs owe no duty to indemnify based on the pollution exclusion in the Polices (Count I), (2) Plaintiffs owe no duty to indemnify for the extraction of pollutants (Count II), (3) Plaintiffs owe no duty to indemnify for costs arising from voluntary actions (Count III), (4) certain insurance contracts alleged by Filco do not exist or provide a basis for indemnification (Count IV), and (5) Plaintiffs owe no duty to indemnify under the insurance contracts that do not insure the Niles, Illinois, site (Count V). Filco now moves the court to transfer the instant action to the S.D. Ind. Court and moves in the alternative to dismiss or stay this proceeding. Plaintiffs move to enjoin Filco from proceeding in the 2009 S.D. Ind. Case with their first, second, and sixth causes of action filed in the 2009 S.D. Ind. Case as they relate to the Niles, Illinois site.

## LEGAL STANDARD

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, [if it is] in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case, the transferor court must first find that: 1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and 2) venue is proper in the transferee district, *see* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in

which the action "might have been brought"). In considering whether to transfer an action the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *See also in re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947))(stating in addition "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff, as the cases cited earlier make clear"); *Hewitt Associates, L.L.C. v. Enron Creditors Recovery Corp.*, 2008 WL 3889947, at *4 (N.D. Ill. 2008)(stating "[a] plaintiff's choice of forum is given less weight when another forum has a stronger relationship to the dispute").

In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n. 4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National*

*Presto Indus., Inc.*, 347 F.3d at 664. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.* Filco has shown that both the instant court and the transferee court are appropriate venues for this dispute.

I.  Motion to Transfer

Filco argues that the instant action should be transferred to the S. D. Ind. Court for the same reasons as when we transferred the case to that court in 2005. We agree. Such a transfer would promote judicial economy and the efficient resolution of the disputes presented in the instant action. This dispute was previously transferred to the S. D. Ind. Court. The issues in the 2004 Consolidated Case were voluntarily dismissed by Plaintiffs. Plaintiffs cannot circumvent the court's ruling concerning the transfer of such disputes by moving to dismiss them in the transferee court and refiling it again in this district. As it was contemplated in the Revised Case Management Plan, upon resolution of that case, Plaintiffs could pursue their indemnity claims with the S.D. Ind. Court if Plaintiffs desired to do so. There is no indication in the plan that the parties anticipated Plaintiffs returning to Illinois to begin anew with this court.

Also, as Filco correctly points out, despite the fact that the indemnity issue was excluded from the 2004 Consolidated Case, the S.D. Ind. Court made various

rulings that could impact the indemnity issue. In addition, the S.D. Ind. Court's familiarity with the case as a whole would make it the most appropriate court to resolve the remaining issues in this case.

Plaintiffs argue that the reason that we transferred the case in 2005 was that the 2004 S.D. Ind. Case brought by Filco had proceeded farther along than the case before us. Plaintiffs contend that such a reason is no longer valid since the Consolidated 2004 Case has been terminated in the S.D. Ind. Court. Our transfer of the case in 2005 was not solely based upon the stage of the 2004 S.D. Ind. Case. We transferred the case based on a consideration of all the relevant factors before us. In addition, we note that the S.D. Ind. Court has proceeded farther than this court in this dispute. As Filco points out, the judge in the 2004 Consolidated Case in fact made various rulings concerning discovery and interpretations of the Policies, and ruled on cross motions for summary judgment. The S.D. Ind. Court in the 2004 Consolidated Case also dealt with issues at settlement conferences between the parties. In addition, some of the rulings of the S.D. Ind. Court in the 2004 Consolidated Case dealt with the Niles, Illinois site at issue in this case.

Plaintiffs are not entitled to pursue this case simply because they filed this case before Filco filed the 2009 S.D. Ind. Case. The fact that Plaintiffs brought this case first is not dispositve for the transfer issue. *See Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987)(stating that "[t]his circuit has never adhered to a rigid 'first to file' rule"). Plaintiffs made a choice to stop pursuing the indemnity issues in the S.D. Ind. Court. If Plaintiffs now desire to

revive such issues, the proper venue would be the S.D. Ind. Court where the issues were dismissed and where the court dealt with the case extensively and has the most familiarity with this case. Plaintiffs also argue that the S.D. Ind. Court did not specifically make any ruling on the cross motions for summary judgment that would bind this court in this case. *See, e.g., Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25 (1966)(stating that "the denial of a motion for a summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim" and that "[i]t is strictly a pretrial order that decides only one thing-that the case should go to trial"). However, Filco has pointed to rulings by the S.D. Ind. Court that at least touch on the dispute in this case and could have an impact on the resolution in this case. A transfer would avoid the potential of inconsistent rulings between this court and the S.D. Ind. Court and would prevent piecemeal litigation. *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)(stating that the court disfavors piecemeal litigation in which "different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results")(internal quotations omitted). The S.D. Ind. Court, having dealt with this case extensively, is the appropriate court for this case. The interest of justice would clearly be served by a transfer to the S.D. Ind. Court.

Plaintiffs contend that at least six environmental consultants, who live in Illinois and worked on the Niles site, would be burdened by having to travel to the Southern District of Indiana to litigate this claim. Although this may be an inconvenience to these witnesses, Plaintiffs have failed to show a reason why these

7

consultants could not travel to Southern District of Indiana or to submit proof that these witnesses are essential to Plaintiffs' case. Therefore, the mere fact that six environmental consultants, who could potentially be witnesses, reside in Illinois is not a compelling enough reason to show that transfer to S.D. Ind. Court should be denied. Plaintiffs have not shown that the other factors for transfer, such as the prerogative of plaintiffs to choose a forum or the convenience of all the parties and witnesses, are such to prevent a transfer. In addition, although the Niles site is located in Illinois, Plaintiffs have not shown that the property's location creates a hardship or pointed to any significant physical evidence that would need to be transported to the S.D. Ind. The dispute in this case is about the coverage of insurance policies, not relating to any physical property. Therefore, we grant Filco's motion to transfer. Filco's request in the alternative to stay or dismiss this action are denied as moot.

      We also note that Filco has filed a supplemental reply in support of their motion to transfer on June 16, 2009, detailing certain developments in the ongoing 2009 S.D. Ind. Case. Plaintiffs are now seeking to file a response to Filco's supplemental reply, arguing that the supplemental reply contains factual inaccuracies. However, we have not considered Filco's supplemental reply in reaching our decision. Therefore, Plaintiffs' motion for leave to file a response to Filco's supplemental reply is denied as moot.

II.  Decline of Jurisdiction

We also note that even if we did not transfer the action, a federal court has "discretion to decline to hear a declaratory judgment action, even though it is within [the court's] jurisdiction." *Tempco Elec. Heater Corp.*, 819 F.2d at 747; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)(indicating that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites")(citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)); *North Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998)(stating that "district courts should decline to hear declaratory judgment actions that have been filed in an attempt to manipulate the judicial process"); *Oce-Office Systems, Inc. v. Eastman Kodak Co.*, 828 F. Supp. 37, 39 (N.D. Ill. 1993)(stating that "the decision whether to dismiss the first action must be made as a matter of fairness to the parties, and to the judicial system, taking into account such non-exclusive factors as (1) lapse of time between the filing of the declaratory judgment action and the infringement action, (2) lapse of time between the judgment on the dispositive motion in the declaratory judgment action and the filing of the infringement action, (3) relative merit to the dispositive motion made in the declaratory judgment action, (4) relative hardship to the parties and (5) the risk of duplicitous litigation and judicial inefficiency").

The dispute raised in this case has been before the S.D. Ind. Court for several years. Plaintiffs have not shown they would suffer any significant hardship by a transfer. Judicial economy and efficiency would be best served if this case was heard in the S.D. Ind. Court. Therefore, even if we did not transfer this action, we would decline to exercise jurisdiction in this declaratory judgment case.

III. Plaintiffs' Motion to Enjoin

Plaintiffs contend that the court should enjoin Filco from proceeding in the 2009 S.D. Ind. Case with their first, second, and sixth causes of action filed in the 2009 S.D. Ind. Case as they relate to the Niles, Illinois site. *See Asset Allocation and Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 571 (7th Cir. 1989)(indicating that a district court could enjoin a defendant from pursuing claims in another case that would be compulsory counterclaims in the case before the district court). Plaintiffs contend that Filco has brought in the 2009 S.D. Ind. Case claims that would be deemed compulsory counterclaims in the instant action. Plaintiffs argue that all such related claims should be resolved together. We agree. That was one of the reasons that we are transferring this case to the S.D. Ind. Court. It would be up to the S.D. Ind. Court to consider whether certain claims in two cases before it are related or contain compulsory counterclaims. Therefore, we deny Plaintiffs' motion to enjoin without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Filco's motion to transfer. We also deny without prejudice Plaintiffs' motion to enjoin and deny as moot Plaintiffs' motion for leave to file a response to Filco's supplemental reply.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 22, 2009